IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. TOMMY ADAMS (#N-21124),<br><br>Petitioner,<br><br>v.<br><br>KEVIN GILSON, Acting Warden, Illinois River Correctional Center,[1]<br><br>Respondent. | Case No. 05 C 4703 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Tommy Adams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). The Court denies Adams' habeas petition for the following reasons.

## BACKGROUND

Adams does not present clear and convincing evidence challenging the statement of facts set forth in the Illinois Appellate Court's opinion affirming the judgment of the Circuit Court of Cook County, and thus the Court presumes those facts are correct for purposes of its habeas review. *See* 28 U.S.C. § 2254(e)(1); *see also Virsnieks v. Smith,* 521 F.3d 707, 714 (7th Cir. 2008). The Court adopts the underlying facts as set forth by the Illinois Appellate Court. *See People v. Adams,* 373 Ill.App.3d 991, 311 Ill.Dec. 843, 869 N.E.2d 856 (Ill.App.Ct. 2007).

In 1994, Adams pleaded guilty to 16 counts of armed robbery in the Circuit Court of

---

[1] Petitioner Tommy Adams is currently incarcerated at the Illinois River Correctional Center, and thus the Court substitutes Kevin Gilson, Acting Warden of the Illinois River Correctional Center, as the Respondent. *See* Fed.R.Civ. P. 25(d).

Cook County, Illinois, and the trial court sentenced him to concurrent prison terms of 30 years for 10 of the convictions, to be served consecutively to concurrent prison terms of 10 years for the remaining six convictions – for a total of 40 years' imprisonment. (R. 16-1, Resp.'s Rule 5 Exs., Ex. A.) Adams appealed from the denial of his motion to withdraw his guilty plea. (*Id.*) The public defender then filed a motion for leave to withdraw as appellate counsel under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), that the Illinois Appellate Court granted on December 21, 1998. (*Id.*) Adams did not file a petition for leave to appeal ("PLA") his direct appeal to the Supreme Court of Illinois.

Thereafter, Adams filed three post-conviction petitions for collateral relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122–1, *et seq.* The Circuit Court of Cook County denied Adams' first post-conviction petition on November 3, 1997, and Adams did not appeal the Circuit Court's dismissal. (*Id.*, Ex. C.) On May 8, 2001, Adams filed a successive pro se post-conviction petition that the Circuit Court dismissed on June 29, 2001. (*Id.*) Adams appealed, and his counsel filed a motion for leave to withdraw as appellate counsel under *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). (*Id.*) The Illinois Appellate Court affirmed the Circuit Court's judgment and granted counsel's motion to withdraw. (*Id.*) Adams then filed a PLA that the Supreme Court Illinois denied on October 2, 2002. (*Id.*, Ex. D.)

On June 13, 2002, Adams filed his third petition for post-conviction relief in which he argued that: (1) the trial court never advised him that in addition to his 40 years' imprisonment he would have to serve a three-year period of mandatory supervised release ("MSR"); and (2) he was denied effective assistance of counsel. (*Id.*, Ex. E.) The Circuit Court dismissed Adams'

2

third post-conviction petition on June 7, 2005. (*Id.*, Ex. F.) Adams appealed to the Illinois Appellate Court arguing that: (1) his due process rights were violated when he entered a negotiated guilty plea without being admonished about the three-year MSR term; and (2) post-conviction counsel's performance was unreasonable for failing to argue that the delay in filing the petition was not due to petitioner's culpable negligence.[2] (*Id.*, Ex. H.) The Illinois Appellate Court concluded that Adams had waived his claims because he failed to raise them in his prior post-conviction petitions. (*Id.*) Moreover, the Illinois Appellate Court rejected Adams' claims on the merits because his guilty plea was not entered in exchange for a specific sentence. (*Id.*, Ex. K.) Adams then filed a PLA to the Supreme Court of Illinois arguing that his third post-conviction petition was not successive, and thus he had not waived his claims. (*Id.*, Ex. L.) On September 26, 2007, the Supreme Court of Illinois denied Adams' PLA. (*Id.*, Ex. M.)

In August 2005, Adams filed the present habeas petition asserting that at the time he pleaded guilty, the trial court did not admonish him that he would have to serve a three-year MSR term, and thus the circumstances of his guilty plea violated Illinois Supreme Court Rule 402, as well as his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. (R. 1-1.) On August 7, 2006, the Court dismissed Adams' habeas petition without prejudice for failure to exhaust. Following the conclusion of Illinois courts' post-conviction proceedings, the Court granted leave to reinstate Adams' habeas petition on March 4,

---

[2] Criminal defendants do not have a Sixth Amendment right to post-conviction counsel. *See Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

3

2008.

## **LEGAL STANDARDS**

**I.    Habeas Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief cannot be granted unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court.  *See Calloway v. Montgomery,* 512 F.3d 940, 943 (7th Cir. 2008); *see also Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours."  *Id.* at 405.

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case.  *See Williams,* 529 U.S. at 407.  "This reasonableness determination is quite deferential, such that a state decision may stand as long as it is objectively reasonable, even if the reviewing court determines it to be substantively incorrect."  *Barrow v. Uchtman*, 398 F.3d 597, 602 (7th Cir. 2005); *see also Williams*, 529 U.S. at 410 (an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law) (emphasis in original).  To be considered objectively unreasonable, a state court's decision must lie "well outside the boundaries of permissible differences of opinion."  *Gilbert v. Merchant,* 488 F.3d 780, 790 (7th Cir. 2007) (quoting *Hardaway v. Young,* 302 F.3d 757, 762

4

(7th Cir. 2002)).

## II. Procedural Default

Before bringing a habeas claim in federal court, a petitioner must exhaust all remedies available to him in state court. *See Lieberman v. Thomas,* 505 F.3d 665, 669 (7th Cir. 2007). Specifically, a "petitioner must establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Bintz v. Bertrand,* 403 F.3d 859, 863 (7th Cir. 2005); *see Johnson v. Loftus,* 518 F.3d 453, 455 (7th Cir. 2008). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes,* 390 F.3d 1019, 1026 (7th Cir. 2004); *see also Lieberman,* 505 F.3d at 670-71. Also, a habeas claim is procedurally defaulted when the state court did not address the merits of the petitioner's federal claim because the petitioner failed to meet independent and adequate state court procedural requirements. *See Stewart v. Smith,* 536 U.S. 856, 860-61, 122 S.Ct. 2578, 153 L.Ed.2d 762 (2002); *Johnson,* 518 F.3d at 455.

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). A fundamental miscarriage of justice occurs when a

petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496.

## ANALYSIS

In his habeas petition, Adams contends that his due process rights were violated because the trial court did not admonish him about the three-year MSR term at his guilty plea hearing. Adams raised this issue for the first time in his third post-conviction petition. Based on Illinois procedural law, the Illinois Appellate Court concluded that Adams had waived his argument because he failed to raise it in his first two post-conviction petitions. *See Adams,* 373 Ill.App.3d at 995 (citing 720 ILCS 5/122-3). Based on the Illinois Appellate Court's decision, Respondent maintains that Adams' claim is procedurally defaulted based on the independent and adequate Illinois procedural ground of waiver. *See Johnson,* 518 F.3d at 455 ("procedural default [] occurs when a state court disposes of a claim on an independent and adequate state law ground."); *Gomez v. Jaimet,* 350 F.3d 673, 677 (7th Cir. 2003) (waiver is independent and adequate state law ground). The Court agrees. Further, Adams offers no exception to this procedural default. *See Coleman,* 501 U.S. at 750.

Even if he had not procedurally defaulted this claim, Adams' habeas claim fails on the merits because under the AEDPA, the Court's focus is whether the Illinois Appellate Court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," *see* 28 U.S.C. § 2254(d)(1), and there "is no Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty." *Lockhart v. Chandler,* 446 F.3d 721, 724 (7th Cir. 2006); *see also Calloway v. Montgomery*, 512

F.3d 940, 944 (7th Cir. 2008). Accordingly, Adams cannot show that the Illinois Appellate Court unreasonably applied clearly established Supreme Court law because the Supreme Court has expressly declined to decide this issue. *See Lockhart,* 446 F.3d at 724 (citing *Lane v. Williams,* 455 U.S. 624, 630 n. 9, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982)).

Finally, Adams argues that the MSR term violates Illinois Supreme Court Rule 402(a), which "provides a guilty plea shall not be accepted without the trial court first informing a defendant of minimum and maximum sentences prescribed by law, including, where applicable, any penalty to which he may be subject due to consecutive sentences." *People v. Davison,* 378 Ill.App.3d 1010, 1019, 318 Ill.Dec. 417, 883 N.E.2d 648 (Ill.App.Ct. 2008). Adams' claim based on Illinois Supreme Court Rule 402(a), however, does not state a cognizable habeas claim. *See Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Specifically, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* Therefore, the Court cannot decide the merits of Adams' claim because it is based on Illinois law, not constitutional or federal law. *See id.*; *see also Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) ("errors of state law in and of themselves are not cognizable on habeas review"). As such, Adams' claim based on Illinois Supreme Court Rule 402(a) fails.

## CONCLUSION

For these reasons, the Court denies Adams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1).

Dated: July 8, 2008

                                **ENTERED**

                                _____
                                **AMY J. ST. EVE**
                                **United States District Judge**