# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4703 | **DATE** | 2/18/2011 |
| **CASE TITLE** | Adams vs. Birkey | | |

**DOCKET ENTRY TEXT**

The Court denies Petitioner's motion for leave to file an application for a certificate of appealability [40].

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Before the Court is habeas petitioner Tommy Adams' motion for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(2) and Federal Rule of Appellate Procedure 22(b). Adams seeks to appeal the Court's July 8, 2008 Memorandum, Opinion, and Order denying his petition for habeas relief brought pursuant to 28 U.S.C. § 2254(d). For the following reasons, the Court denies Adams' request for a COA.

## LEGAL STANDARD

    Under 28 U.S.C. § 2253, a habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a COA. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El,* 537 U.S. at 336; *Promotor v. Pollard,* 628 F.3d 878, 89 (7th Cir. 2010). Under this standard, Adams must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In cases where a district court denies a habeas claim on procedural grounds, a COA should issue if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

In his habeas petition, Adams argued that his due process rights were violated because the trial court did not admonish him about the three-year mandatory supervised release ("MSR") term at his guilty plea hearing. Adams raised this issue for the first time in his third post-conviction petition. Based on Illinois procedural law, the Illinois Appellate Court concluded that Adams had waived his argument because he failed to raise it in his first two post-conviction petitions. As such, the Court concluded that Adams' claim was procedurally defaulted because the state court disposed of his claim on an independent and adequate state law ground. *See Kaczmarek v. Rednour,* 627 F.3d 586, 591 (7th Cir. 2010); *Smith v. McKee,* 593 F.3d 374, 382 (7th Cir. 2010).

Adams also argued that the MSR term violated Illinois Supreme Court Rule 402(a), which "provides a guilty plea shall not be accepted without the trial court first informing a defendant of minimum and maximum sentences prescribed by law, including, where applicable, any penalty to which he may be subject due to consecutive sentences." *People v. Davison,* 378 Ill.App.3d 1010, 1019, 318 Ill.Dec. 417, 883 N.E.2d 648 (Ill. 2008). The Court, however, concluded that Adams' claim based on Illinois Supreme Court Rule 402(a) did not state a cognizable habeas claim. *See Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *see also Johnson v. Acevedo,* 572 F.3d 398, 402 (7th Cir. 2009) ("A violation of state law is not the basis for federal collateral relief.").

## ANALYSIS

In his motion for a certificate of appealability, Adams reiterates the arguments he made in his Section 2254 petition, but does not explain why jurists of reason would find the Court's procedural rulings debatable or wrong. *See Slack,* 529 U.S. at 485. Indeed, the Court would be hard-pressed to conclude that Adams' first claim was not defaulted, especially because Adams did not argue cause and prejudice or the fundamental miscarriage of justice exceptions to procedural default. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Moreover, reasonable jurists would not debate whether Adams' argument based on the Illinois Supreme Court's Rule is not a constitutional claim cognizable on habeas review. *See Slack*, 529 U.S. at 485; *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) ("errors of state law in and of themselves are not cognizable on habeas review"). Accordingly, the Court denies Adams' COA.